UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION

| | |
|---|---|
| LEROY GENE ALLEN, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:17-cv-14213 |
| RECEIVABLES PERFORMANCE MANAGEMENT, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## **COMPLAINT**

NOW comes LEROY GENE ALLEN ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of RECEIVABLES PERFORMANCE MANAGEMENT, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Michigan Occupational Code ("MOC") under M.C.L. §339.901 *et seq.* for Defendant's unlawful conduct

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Michigan and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Michigan.

## PARTIES

4. Plaintiff is a 46 year-old natural person residing at 6022 Appoline Street, Apartment 1, Dearborn, Michigan, which lies within the Eastern District of Michigan.

5. Plaintiff is a "person," as defined by 47 U.S.C. §153(39).

6. Defendant is "a national leader in accounts receivable management."[1] Defendant is a limited liability company organized under the laws of the state of Washington with its principal place of business located at 20816 44th Avenue West, Lynwood, Washington.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In mid-2017, Plaintiff began receiving calls to his cellular phone, (313) XXX-4887 from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 4887. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Defendant mainly uses the phone number (425) 372-5308 when placing calls to Plaintiff's cellular phone, but upon belief, it has used other numbers as well.

---

[1] http://www.receivablesperformance.com/

12. Upon information and belief, the above referenced phone number ending in 5308 is regularly utilized by Defendant during its debt collection activities.

13. When answering calls from Defendant, Plaintiff has experienced a noticeable pause, lasting several seconds in length, before being connected with a live representative.

14. Upon speaking with Defendant, Plaintiff was informed that it was seeking to collect upon a debt owed by an individual named "Dorian Knox."

15. Plaintiff is unaware of any individual by that name so he notified Defendant as such and demanded that it stop contacting him.

16. Despite informing Defendant that it was calling the wrong person, as well as his demands that it cease contacting him, Defendant continued to regularly call Plaintiff's cellular phone through the latter months of 2017.

17. Defendant has placed multiple phone calls to Plaintiff's cellular phone on the same day, even after becoming aware that it was calling the wrong party.

18. For example, on both October 20, 2017 and October 23, 2017, Defendant placed at least three phone calls to Plaintiff's cellular phone.

19. Plaintiff has received not less than 24 phone calls from Defendant, seeking to collect upon an unknown individual.

20. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

21. With the goal of specifically addressing Defendant's conduct, Plaintiff has expended approximately $47.00 to purchase and maintain an application subscription on his cellular phone to block the calls, resulting in pecuniary loss.

22. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended for an unknown person, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though full set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.  Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals ("ACA") since 2002.[2]

28. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a.  **Violations of FDCPA §1692b & c(b)**

29. The FDCPA, pursuant to 15 U.S.C. §1692b, prohibits a debt collector from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer," and under §1692b(3), "shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector

---

[2] http://www.acainternational.org/search#memberdirectory

4

reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information." Furthermore, under §1692c(b), "without the prior consent of the consumer given directly to the debt collector…a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency…the attorney of the creditor, or the attorney of the debt collector."

30. Defendant violated §1692b, b(3), and c(b) by contacting Plaintiff on a number of occasions seeking to collect upon a debt owed by an unknown individual. Plaintiff notified Defendant that he was not the individual it was looking for and demanded that it stop calling him. Defendant had more than enough information to know that the number it was calling did not belong to the purported debtor. Armed with this knowledge, Defendant still continued to call Plaintiff's cellular phone multiple times without his consent.

### b. Violations of FDCPA §1692c(a)(1) and §1692d

31. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

32. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop. This repeated behavior of systematically calling Plaintiff's phone at least 24 times in an attempt to collect a debt owed by an individual unknown to Plaintiff was harassing and abusive. Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff.

33. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to him.

    c. **Violations of the FDCPA § 1692e**

32. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

34. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the alleged debt. Defendant repeatedly contacted the wrong party seeking to collect upon a debt, and was even notified by Plaintiff that it was calling the wrong person and to stop calling. Nevertheless, Defendant called Plaintiff at least 24 times in a deceptive attempt to force Plaintiff to answer its calls and ultimately make a payment, even though he was not the debtor. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him via an automated system when not only did it not have consent to do so in the first place, but it was also subsequently told to stop calling.

    d. **Violations of FDCPA § 1692f**

35. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff and asking to speak with an individual whom Plaintiff was not aware of. Attempting to coerce Plaintiff into payment by placing voluminous phone calls after becoming privy to the fact that it was contacting the wrong person and was told to stop calling is

unfair and unconscionable behavior.  These means employed by Defendant only served to worry and confuse Plaintiff.

37.  As pled in paragraphs 19 through 23, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, LEROY GENE ALLEN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE

38. Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

39. Plaintiff is a "consumer" or "debtor" as defined by M.C.L. § 339.901(f).

40. Defendant is a "collection agency" as defined by M.C.L. § 339.901(b) as it is a person that is directly engaged in collecting or attempting to collect a claim owed or due or asserted to be owed or due another.

41. The subject debt is a "[c]laim" or "debt" as defined by M.C.L. § 339.901(a) as it is an obligation or alleged obligation for the payment of money or thing of value arising out of an agreement or contract for a purchase made primarily for personal, family, or household purposes.

### a. Violations of M.C.L. § 339.915(f)(ii)

42. The MOC, pursuant to M.C.L. § 339.915(f)(ii) prohibits a collection agency from "[m]isrepresenting in a communication with a debtor . . . [t]he legal rights of the creditor or debtor."

43. Defendant violated M.C.L. § 339.915(f)(ii) by repeatedly contacting Plaintiff's cellular phone using an automated system absent consent. Defendant never had consent to contact Plaintiff in the first place, as it was attempting to collect upon an individual who was unknown to Plaintiff. Through its conduct, however, Defendant misrepresented that it had the legal ability to contact Plaintiff using an automated system, even after Plaintiff demanded that Defendant stop calling. As such, Defendant misrepresented its legal rights, as well as Plaintiff's legal rights, by continuing to contact Plaintiff's cellular phone absent the lawful ability to do so.

### b. Violations of M.C.L. § 339.915(n)

44. The MOC, pursuant to M.C.L. § 339.915(n), prohibits a collection agency from "[u]sing a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor."

45. Defendant violated the MOC when it continued to call Plaintiff's cellular phone at least 24 times seeking to collect upon an unknown individual, as well as after Plaintiff notified it to stop calling. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment, even though he had no relationship to the underlying debt. The nature and volume of phone calls, especially after requests that such calls cease, would naturally cause an individual to feel oppressed.

46. Further, Plaintiff told Defendant that its calls to his cellular phone were not welcome and were therefore inconvenient. As such, Defendant contacted Plaintiff at times and places which were known to be inconvenient to Plaintiff.

### c. Violations of M.C.L. § 339.915(q)

47. The MOC, pursuant to M.C.L. § 339.915(q), subjects collection agencies to liability for "[f]ailing to implement a procedure designed to prevent a violation by an employee."

48. Defendant violated the MOC by failing to adequately have procedures in place designed to prevent a violation by its employee. Defendant was repeatedly contacting Plaintiff seeking to collect upon an individual unknown to Plaintiff. In addition, Plaintiff demanded that Defendant stop calling. Despite all of this information, Defendant's calls continued. This demonstrates the lack of any procedures in place by Defendant wherein its employees would cease calling after becoming aware that its calls were not intended for the correct individual and were inconvenient. As such, Defendant has failed to implement a procedure designed to prevent its employees from engaging in harassing, oppressive, or abusive methods in connection with its collection of debts.

49. Defendant's violations of the MOC were willful. Defendant was notified by Plaintiff that it was contacting the wrong person and that he did not wish to receive any more phone calls. Yet, Plaintiff was still bombarded with collection phone calls from Defendant. In a willful manner, Defendant called Plaintiff repeatedly and continuously notwithstanding this information. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Michigan, further demonstrating its willful failure to implement adequate procedures designed to prevent violations of the MOC.

WHEREFORE, Plaintiff, LEROY GENE ALLEN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Entitling Plaintiff to injunctive relief, pursuant to M.C.L. § 339.916(1).

c.  Awarding Plaintiff actual damages, including treble damages, pursuant to M.C.L. § 339.916(2).

d.  Awarding statutory damages of at least $50.00, including treble damages, pursuant to M.C.L. § 339.916(2).

e.  Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 339.916(2).

f.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 29, 2017                             Respectfully submitted,

s/ Ahmad T. Sulaiman
Ahmad T. Sulaiman, Michigan Bar No. P82149
Counsel for Plaintiff
Admitted in the State Bar of Michigan
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x124 (phone)
(630) 575-8188 (fax)
ahmad.sulaiman@sulaimanlaw.com

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

s/ Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200

Lombard, Illinois 60148
(630) 575-8181 x110 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com